UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNUM LIFE INSURANCE COMPANY OF AMERICA,

      Plaintiff,

                        Case No. 26-cv-211-pp

   v.

DORIS WINTERS, LISA WINTERS,
GARY WINTERS and JAMES WINTERS,

      Defendants.

## ORDER GRANTING PLAINTIFF'S EXTENSION OF TIME TO SERVE (DKT. NO. 11) AND GRANTING PLAINTIFF'S MOTION FOR ATERNATIVE SERVICE (DKT. NO. 12)

On February 6, 2026, the plaintiff filed a Federal Rule of Civil Procedure 22 interpleader complaint against the defendants to settle a life insurance policy payout. Dkt. No. 1. Out of the four defendants, the plaintiff was able to serve three: Doris Winters, Lisa Winters and Gary Winters. Dkt. Nos. 4–6. Lisa Winters and Gary Winters have filed answers. Dkt. Nos. 3, 7. The clerk has entered default against Doris Winters. Dkt. No. 10. By May 2026, the plaintiff had not served the last defendant, James Winters. On May 7, 2026, the plaintiff filed a motion requesting leave to serve him through alternative service, dkt. no. 12, and for an extension of time to serve him, dkt. no. 11.

The plaintiff represents that over the course of several months, it searched databases to find James's contact information and attempted to contact him. Dkt. No. 11 at 3–4. The plaintiff unsuccessfully attempted to

1

personally serve James three times at two different addresses. <u>Id.</u> It attempted to contact him by physical mail and email, both without response. <u>Id.</u> The plaintiff called him at several telephone numbers without success. <u>Id.</u> The other defendants did not know where James was or how to contact him. <u>Id.</u>

The plaintiff seeks an extension of 120 days to serve James, dkt. no. 11 at 5, and seeks to serve him by publication and mailing under Wis. Stat. §801.11(1)(c), dkt. no. 12 at 3.

Federal Rule of Civil Procedure 4(m) states that if a plaintiff who has failed to serve the defendant within ninety days "shows good cause for the failure, the court must extend the time for service for an appropriate period." Rule 4(e)(1) requires a plaintiff to serve an individual using the methods allowed by state law in the state where the federal district is located.

Under Wisconsin law, a plaintiff must personally serve an individual defendant. Wis. Stat. §801.11(1)(a). If, however, "with reasonable diligence the defendant cannot be" personally served, a plaintiff may leave the summons at the defendant's "usual place of abode" with a "competent family member at least 14 years of age" or a "competent adult, residing in the abode[.]" §801.11(1)(b). If a plaintiff cannot with reasonable diligence comply with §801.11(1)(b), Wisconsin law allows service "by publication of the summons as a class 3 notice, under ch. 985, and by mailing." §801.11(1)(c).

The plaintiff has shown good cause for its failure to serve James Winters within ninety days. The plaintiff has explained that it attempted personal service three times, that it attempted to contact James Winters by phone, by

2

mail, by email and through the other defendants and that it searched diligently for any other method to contact him. See Dkt. No. 11 at 3–4. The court will grant the plaintiff's request for an extension and will give the plaintiff another 120 days to serve the defendant. For the same reasons, the court will allow the plaintiff to serve the defendant by mail and publication as described in Wisconsin Statute §801.11(1)(c).

The court **GRANTS** the plaintiff's motion for extension of time to serve. Dkt. No. 11.

The court **ORDERS** that the time for the plaintiff to serve defendant James Winters is **EXTENDED** until the end of the day on **November 9, 2026**.

The court **GRANTS** the plaintiff's motion for alternative service. Dkt. No. 12.

The court **ORDERS** that the plaintiff may serve the defendant through mail and publication as described in Wisconsin Statute §801.11(1)(c).

Dated in Milwaukee, Wisconsin this 10th day of July, 2026.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

3